IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.10-00094-02-CR-W-DGK |
| GILBERTO BALDENEGRO-VALDEZ, | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Pending before the Court is Defendant Gilberto Baldenegro-Valdez's Motion to Reconsider Defendant's Motion to Suppress (doc. 69). The Court[1] previously denied Defendant's motion to suppress the drugs found in the search of the car he was driving and his subsequent statement he made to the police. Defendant asks the Court to reconsider this ruling in light of the Court of Appeals decision in *United States v. Christopher Taylor*, -- F.3d --, No. 10-2556, 2011 WL 561979 (Feb. 18 2011) (holding that a warrantless search of a vehicle to inventory its contents must be reasonable under the totality of the circumstances, and may not be a ruse for a general rummaging in order to discover incriminating evidence).

The Court notes that the magistrate judge held that the automobile exception applied to the warrantless search of the Taurus. He stated,

> the officers at the scene had ample reason to believe that Baldenegro-Valdez was involved in criminal activity when Baldenegro-Valdez was arrested. Law enforcement officers had observed—through surveillance—Baldenegro-Valdez' presence and (at least) limited participation in the two controlled buys with the CI. . . . Under these circumstances, law enforcement officers had sufficient probable cause to arrest Baldenegro-Valdez because of the previously observed and confirmed drug buy, as well as the

---

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge of the Western District of Missouri.

> details of the ongoing second transaction which was happening at the time of the stop.

Report and Recommendation at 8. He also held,

> Applying these principles to the present case, the Court has no difficulty in concluding that the search of the Taurus on March 21, 2010, was a valid warrantless search under the automobile exception.

*Id.* at 11. The Court subsequently adopted the magistrate's report, as it should have. The automobile exception to the warrant requirement allows law enforcement to search a vehicle without a warrant where, as here, they have probable cause to believe the vehicle contains evidence of criminal activity. *United States v. Brown*, ---F.3d ----, 2011 WL 561979, at *3 (8th Cir. 2011). The fact that the magistrate alternately held that the inventory search exception also applied here, a holding that might be questioned in the wake of the *Taylor* decision, is irrelevant. The officers' warrantless search was still lawful under the automobile exception.

Accordingly, there is absolutely no merit to Defendant's Motion to Reconsider Defendant's Motion to Suppress (docs. 69). It is DENIED.

**IT IS SO ORDERED.**

Date: March 10, 2011  /s/ Greg Kays  
GREG KAYS, JUDGE  
UNITED STATES DISTRICT COURT